IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SCARLETT BOWMAN,** | |
| *Plaintiff,* | |
| v. | Civil No.: 1:23-cv-00452-JRR |
| **ROSENBERG & ASSOCIATES, LLC,** | |
| *Defendant.* | |

## MEMORANDUM OPINION

Pending now before the court are Defendant's Motion for Summary Judgment (ECF No. 66; the "Motion") and Plaintiff's Motion to Stay Foreclosure Proceeding (ECF No. 68; the "Motion to Stay"). Plaintiff did not respond to Defendant's Motion. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

### I. PROCEDURAL BACKGROUND AND UNDISPUTED FACTS

*Pro se* Plaintiff Scarlett Bowman's claims arise from a dispute concerning a loan and deed of trust secured by the real property located at 1251 Schaffersville Road, Mount Airy, Maryland 21771 (the "Subject Property"). The following facts are undisputed.

Select Portfolio Servicing Inc. ("SPS"), a mortgaging servicing corporation, was responsible for servicing Plaintiff's mortgage on the Subject Property. (ECF No. 3, the "Complaint" ¶ 9; ECF No. 66-1 at p. 1.) SPS retained Defendant Rosenberg & Associates, LLC ("Rosenberg") to initiate a foreclosure proceeding against the Subject Property. (Complaint, ECF No. 3 ¶ 10; ECF No. 66-1 at p. 1.)

Defendant issued a Validation Notice to Plaintiff bearing the following notice:

> How can you dispute the debt?

> Call or write to us by September 29, 2022, to dispute all or part of the debt. If you do not, we will assume that our information is correct.
> If you write to us by September 29, 2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept dispute electronically via email."

(ECF No. 66-2.) The Validation Notice did not bear a date on which it was sent or issued. By letter of October 10, 2022, Plaintiff's former counsel informed Rosenberg that Plaintiff disputed the debt. (ECF No. 66-4, "Dispute Letter.") Defendant did not respond to Plaintiff's Dispute Letter. On November 11, 2022, Defendant filed a foreclosure action in the Circuit Court for Howard County, Maryland (the "Foreclosure Action").

On December 28, 2022, Plaintiff initiated the instant action in the Circuit Court for Howard County, Maryland against Defendant and SPS. (ECF No. 3.) SPS removed the action to this court (ECF No. 1), Defendant filed a Motion to Dismiss (ECF No. 14), and SPS filed a Motion for Judgment on the Pleadings (ECF No. 20). By memorandum opinion and order of December 4, 2023, this court granted SPS' Motion for Judgment on the Pleadings, and granted in part and denied in part Defendant's Motion to Dismiss. (ECF Nos. 33, 34.) The court found that Plaintiff's "allegations, coupled with the undated Validation Notice, . . . sufficiently alleged a claim against Rosenberg for violation of the [Fair Dept Collection Practices Act ("FDCPA")]." (ECF No. 33 at p. 31.) The court explained that "[t]o be clear, based on the court's analysis regarding the ownership of the Loan, [] to the extent Plaintiff's FDCPA claim is premised on a deceptive practice or misrepresentation, the FDCPA claim will be dismissed." *Id.* Accordingly, the only remaining count is Count IV pertaining to Plaintiff's allegation that Defendant failed to comply with the requirements of the FDCPA (15 U.S.C. § 1692g(d)). After a period of discovery, Defendant filed

2

the Motion. Plaintiff did not file a response, but filed a Motion to Stay requesting this court intervene in the Foreclosure Action.

## II.    MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on the grounds that Plaintiff has failed to generate a triable issue of fact regarding the timeliness of her Dispute Letter.

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted); *see Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (providing that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations to survive"); *Matsushita Elec. Indus. Co.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that per Rule 56, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'").

In undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the factfinder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

As set forth earlier, Plaintiff did not respond to the Motion. Nonetheless, "[i]n considering a motion for summary judgment, the district court 'must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)). "Where, as here, the nonmoving party bears the ultimate burden of proof at trial, the moving party may discharge its initial burden at summary judgment by 'showing—that is, pointing out to the … court—that there is absence of evidence to support the nonmoving party's case.'" *Anderson v. Diamondback Inv. Grp., LLC*, 117 F.4th 165 (4th Cir. 2024) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party has met its initial burden, "the burden then shifts to the nonmoving party, who must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers

to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324).

Defendant avers that Plaintiff's claim fails as a matter of law because, under the FDCPA and relevant regulations, Defendant was entitled to assume that Plaintiff's response letter was untimely and Plaintiff has adduced no evidence to the contrary. Section 1692g(b) of the FDCPA provides in pertinent part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. 1692g(b). Plaintiff alleges that Defendant violated this provision by proceeding to foreclosure without responding to her Dispute Letter. Defendant counters that because the Dispute Letter was untimely, Defendant had no obligation to respond.

Under the FDCPA, a consumer's 30-day period to dispute a debt, *i.e.*, the validation period, begins "after receipt of the notice [of debt]." 15 U.S.C. 1692g(a)(3). Federal Regulation § 1006.34(b)(5), governing communications between debt collectors and consumers, defines the validation period as follows:

> [T]he period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it.

5

12 C.F.R. § 1006.34(b)(5).  Additionally, under the same regulation, the validation notice must include "the date that the debt collector will consider the end date of the validation period." *Id*. § 1006.34(c)(3).

Defendant mailed Plaintiff the Validation Notice on Monday, August 22, 2022.  (ECF No. 66-3.)  Plaintiff does not dispute that Defendant has shown the Validation Notice was mailed on August 22; Plaintiff insists, however, that she received the Validation Notice "after September 10, 2022."  (ECF No. 68 at p. 3.)  Per the governing regulation, Defendant was entitled to assume Plaintiff received the Notice on Monday, August 29, 2022.  Also in accordance with the Regulation, the Validation Notice instructed Plaintiff, "[c]all or write to us by September 29, 2022, to dispute all or part of the debt. If you do not, we will assume that our information is correct. If you write to us by September 29, 2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt."  (ECF No. 66-2 at p. 2.)  Plaintiff offers no admissible evidence or affidavit to support her claim that she received the Notice after September 10, 2022 (30 days from the Dispute Letter), and fails to address or rebut Defendant's entitlement to assume receipt five days after the Notice was provided per § 1006.34(b)(5).

On the Motion to Dismiss, taking Plaintiff's allegations as true, the court ruled it plausible that the Dispute Letter was timely.  (ECF No. 33 at p. 31.)  At this juncture, however, Defendant, as the Rule 56 movant, points out that Plaintiff has generated no admissible evidence to credit her contention that she received the letter later than August 29, 2022 (and after September 10, 2022).  (ECF No. 66-1 at p. 6.)

Defendant is correct.  Plaintiff fails to generate a genuine dispute of material fact as to the date she received the Validation Notice.  Plaintiff's statements in her Motion to Stay that "Ms. Bowman has been unequivocal that she, via her attorney, responded to Rosenberg's letter within

30 days of receipt of that letter" are conclusory, unsupported statements that are insufficient to create a triable issue of fact.  (ECF No. 68 at p. 3.)  *See Int'l Waste Indus. Corp. v. Cape Env't Mgmt., Inc.*, 988 F. Supp. 2d 542, 558 n. 11 (D. Md. 2013), *aff'd*, 588 F. App'x 213 (4th Cir. 2014) (explaining "self-serving, conclusory, and uncorroborated statements are insufficient to create a genuine issue of material fact"); *Robinson*, 70 F.4th at 780 (providing that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations to survive").

Under the Regulation, Defendant was entitled to assume Plaintiff received the Validation Notice on or before August 29, making the deadline for her to respond September 29 (as specified in the letter).  Plaintiff fails to introduce any affidavit or other admissible evidence that creates a triable issue of fact as to her contention that she received the Validation Notice after September 10, 2022.  Accordingly, Defendant was entitled to conclude that her Dispute Letter of October 10, 2022, was untimely; and Defendant was therefore not obligated to halt efforts to collect the debt before validating the amount.  The court will grant judgment in Defendant's favor on Plaintiff's remaining FDCPA claim.

### III.   MOTION TO STAY FORECLOSURE

On December 5, 2024, Plaintiff filed a Motion to Stay Foreclosure Proceeding (ECF No. 68) requesting this court stay the Foreclosure Proceeding in the Circuit Court for Howard County until this court determines whether Defendant violated the FDCPA.  Defendant, in response, submits such relief is not available under the Anti-Injunction Act and exclusive jurisdiction doctrine.

The court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers.  *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007);

FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not permit the court to "act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

The Anti-Injunction Act prohibits this court from granting "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Pursuant to the Act, this court has routinely rejected plaintiffs' attempts to stay ongoing state court foreclosure proceedings. *See, e.g., Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015); *Williams v. Cohn*, No. CV PX 16-2886, 2016 WL 4415058, at *2 (D. Md. Aug. 19, 2016); *Reynolds v. Ward*, No. CV TDC-18,3921, 2019 WL 3779755, at *2 (D. Md. Aug. 12, 2019); *Nolan v. Bright*, No. CV DKC-22-196, 2022 WL 717048, at *4 n.2 (D. Md. Mar. 10, 2022).

Even if Plaintiff's requested relief was not prohibited by the Anti-Injunction Act, the exclusive jurisdiction doctrine prevents this court of authority to stay the state court Foreclosure Proceeding. "[W]hen a party seeks equitable relief concerning property that already is the *res* (the subject) of an ongoing *in rem* action in another court, it is well-settled that the court controlling the property for purposes of the earlier filed suit has jurisdiction over the property, and the court in which the later equity action was filed lacks jurisdiction." *Tucker*, 83 F. Supp. 3d at 641–42. A "previously filed, ongoing foreclosure proceeding in Maryland state court is an *in rem*

8

proceeding." *Id.* at 642. Here, the Foreclosure Action preceded the instant action. Accordingly, this court lacks jurisdiction to stay the proceeding and Plaintiff's Motion to Stay will be denied.

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 66) shall be granted and the Motion to Stay (ECF No. 68) shall be denied.


May 5, 2025                                                                /s/_____
                                                                                                 Julie R. Rubin
                                                                                                 United States District Judge